IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTO MORALES,<br>Petitioner,<br>vs.<br>MATTHEW CATE,<br>Respondent. | ) | No. C 12-01478 EJD (PR)<br><br>ORDER GRANTING MOTION TO STAY; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; INSTRUCTIONS TO CLERK<br><br>(Docket Nos. 2, 3 & 5) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner requests leave to proceed in forma pauperis. (Docket No. 5.) Petitioner requests that the instant petition be stayed to allow him to exhaust unexhausted claims in the state courts.

**STATEMENT**

Petitioner was found guilty by a jury in Monterey County Superior Court of two counts of second degree murder, two counts of gross vehicular manslaughter, driving under the influence, and hit and run. (Pet. 3.) On May 9, 2006, Petitioner was sentenced to twenty-five years to live in state prison. (Id.)

The state appellate court affirmed the judgment, and the state high court denied review on July 22, 2009. (Id.) Petitioner filed habeas petitions in the state courts, with

the last petition, filed October 7, 2011, currently pending before the California Supreme Court. (Id.) Petitioner filed the instant federal petition on March 23, 2012.

## DISCUSSION

A. Motion to Stay

Petitioner alleges numerous claims under the Fifth, Sixth and Fourteenth Amendments, including additional ineffective assistance of counsel claims which Petitioner admits have not been exhausted. (Pet. at 6.) Petitioner requests the Court to stay and abey the petition to permit him to exhaust all claims in state court.

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, see id.; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). Petitioner admits that several ineffective assistance of counsel claims are currently pending before the state high court, and were not exhausted at the time he filed the instant petition. See 28 U.S.C. § 2254(b),(c). Accordingly, the instant petition is a mixed petition.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. at 277.

Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. The Court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claims above are potentially meritorious. Consequently, Petitioner's motion to stay this action while he exhausts all claims in the state courts will be granted.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion to stay the petition is GRANTED, (Docket No. 3), and the above-titled action is hereby STAYED until **thirty (30) days** after the state high court's final decision on Petitioner's unexhausted claims.

2. If Petitioner intends to have this Court consider the unexhausted claims, he must have properly presented them to the Supreme Court of California, and if he has not obtained relief in state court, thereafter notify the Court **within thirty (30) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted.

3. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

4. Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 5), is GRANTED. Docket No. 2 is DISMISSED as moot.

This order terminates Docket Nos. 2, 3 and 5.

Dated: 7/2/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUSTO MORALES,

Petitioner,

v.

MATTHEW CATE,

Respondent.

_______________________________________/

Case Number: CV12-01478 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/5/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Justo Morales F-31628
Correctional Training Facility (CTF)
P. O. Box 705
Soledad, CA 93960

Dated: 7/5/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk